# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PATRICK NOEL THAYER, | : Case No. 1:25-cv-605 |
| Petitioner, | : |
| vs. | : District Judge Douglas R. Cole |
| | : Magistrate Judge Kimberly A. Jolson |
| WARDEN, NORTH CENTRAL CORRECTIONAL COMPLEX, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

Petitioner is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is currently before the Court on Petitioner's "Request for Bail Pending a Decision in a Habeas Case." (Doc. 10). Petitioner seeks release from incarceration pending resolution of his habeas corpus Petition in this case. (*See* Doc. 10 at PageID 64). For the following reasons, the Undersigned **RECOMMENDS** that the Motion be **DENIED**.

Although a federal court has authority to grant bail to a petitioner in a habeas corpus action pending a decision on the merits of the petition, *Dotson v. Clark*, 900 F.2d 77, 78–79 (6th Cir. 1990), such relief is reserved for the extraordinary case. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), *superseded on other grounds by statute as recognized by*, *Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021). The Sixth Circuit has explained that because "a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee*, 989 F.2d at 871. Therefore, in order to obtain release on bail pending a decision on the merits, the petitioner must show "not only a substantial claim of law

based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (quoting *Dotson*, 900 F.2d at 79, in turn quoting *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)); *see also Pouncy,* 993 F.3d at 463; *Nash v. Eberlin,* 437 F.3d 519, 526 n.10 (6th Cir. 2006); *Greenup v. Snyder*, 57 F. App'x 620, 621 (6th Cir. 2003). "It will be the rare occasion when an inmate will be able to satisfy this standard." *Pouncy*, 993 F.3d at 463 (citing *Dodson*, 900 F.2d at 79).

In support of the motion here, Petitioner relies on the merits of his petition. Petitioner claims that he should be released because his grounds for relief present a "high probability of success." (Doc. 10 at PageID 64). Asserting alleged erroneous legal analysis, departure from State law, and inconsistencies in fact finding in the State courts, Petitioner claims that "it is inconceivable that petitioner's action will not be successful." (*Id.* at PageID 63–63).

Even assuming, *arguendo*, that Petitioner has presented substantial claims of law based on the facts surrounding his Petition, he fails to demonstrate any exceptional circumstances exist to warrant his release during the pendency of this action. *See Pouncy,* 993 F.3d at 463 ("A prisoner seeking bail pending review of his habeas petition must, amongst other requirements, convince the district court that exceptional circumstances and the 'interests of justice' warrant relief.") (citing *Dodson*, 900 F. 23 at 79); *Lee*, 989 F.2d at 871 ("Even if we were to conclude that his petition raises a substantial question of law, merely to find that there is a substantial question is far from enough.") (internal quotation mark and citation omitted). District courts have limited exceptional circumstances justifying release during review "to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is service a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Gideon v. Treglia*, No. 3:21-

cv-2087, 2021 WL 6031492, at *3 (N.D. Ohio Dec. 21, 2021) (quoting *Blocksom v. Klee,* No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015)). Absent any showing of an extraordinary circumstance justifying release in this case, Petitioner's motion should be denied. *See Greenup,* 57 F. App'x 620, 621, 2003 WL 173097 (6th Cir. 2003) (upholding the denial of bond in a habeas case, noting that the petitioner had "not demonstrated any unusual circumstances warranting the relief requested"); *Lordi v. Ishee*, 22 F. App'x 585, 586 (6th Cir. 2001) (same).

After review of Petitioner's motion, the Undersigned concludes that Petitioner has not demonstrated exceptional circumstances to justify his release pending a decision on the merits of the Petition. Accordingly, it is **RECOMMENDED** that Petitioner's motion (Doc. 10) be **DENIED**.

Date: December 15, 2025                                  s/ Kimberly A. Jolson
                                                                               KIMBERLY A. JOLSON
                                                                               UNITED STATES MAGISTRATE JUDGE

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).