**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**PATRICK NOEL THAYER,**

      **Petitioner,**

    v.

**WARDEN NORTH CENTRAL**
**CORRECTIONAL COMPLEX,**

      **Respondent.**

**Case No. 1:25-cv-615**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Jolson**

<u>**OPINION AND ORDER**</u>

On December 15, 2025, Magistrate Judge Jolson issued a Report and Recommendation (R&R, Doc. 12) recommending that the Court deny Petitioner Patrick Noel Thayer's Motion for Bail Pending a Decision in a Habeas Case (Doc. 10). Thayer has not objected to that recommendation. But he has moved to strike Respondent's Return of Writ (Doc. 18). (Mot. to Strike Resp't.'s Ans. to Show Cause, Doc. 19). And then, just as the Court was preparing this Opinion and Order, Thayer filed a Motion for Extension of Time (Doc. 21), which, if granted, would give Thayer an extra twenty-one (21) days from the date of this Opinion and Order to file a traverse. Because there is no clear error on the face of the R&R, the Court **ADOPTS** it in its entirety and **DENIES** Thayer's Motion for Bail (Doc. 10). It also **DENIES** Thayer's Motion to Strike (Doc. 19). Finally, the Court **GRANTS** Thayer's Motion for Extension of Time (Doc. 21).

## BACKGROUND

Thayer, a state prisoner, seeks habeas relief under 28 U.S.C. § 2254. (Doc. 12, #69). He also requests release from incarceration pending resolution of his habeas petition. (*Id.*). The Magistrate Judge recommends that the Court deny this request. (*Id.*). Her reason is straightforward: while federal courts possess the authority to grant bail to a habeas petitioner pending a decision on the merits, that relief is reserved for the exceptional case. (*Id.*). Here, though, Thayer relies only on the asserted merits of his petition. (*Id.* at #70). And that, according to the Magistrate Judge, is insufficient, even assuming that Thayer correctly assesses his likelihood of success. (*Id.* at #70–71).

The Magistrate Judge advised Thayer that he had fourteen (14) days to object to the R&R, and that Thayer "may forfeit rights on appeal" if he failed to do so. (*Id.* at #71–72). That time has long passed, and Thayer has not objected. So the matter is ripe for review.

But Thayer has raised a different issue in his Motion to Strike (Doc. 19). On December 15, 2025, the Magistrate Judge ordered Respondent to file a Return of Writ within sixty (60) days of that order. (12/15/25 Not. Order). Respondent moved for an extension on February 2, 2026, (Doc. 13), which the Magistrate Judge granted, (2/3/26 Not. Order). As a result, Respondent had until March 16, 2026, to file a Return of Writ, which Respondent did. (Doc. 18). But ten days after the Magistrate Judge granted Respondent's requested extension, Thayer filed a Response opposing the request. (Doc. 15). There, Thayer contends that "any delays" are "solely the responsibility of the Attorney General of Ohio." (*Id.* at #76). He also takes issue with

2

Respondent's assertion that counsel for Respondent would be out of office for a ten-day period. (*Id.*).

Just under a month later, Thayer also filed a letter again insisting that Respondent's (already granted) motion "must be denied." (Doc. 16, #79). Ten days later, Thayer filed his Motion to Strike, where he asserts that he "has yet to receive notice" that his opposition to the extension request was granted. (Doc. 19, #356). And after that, Thayer filed a Supplemental Letter Supporting Motion to Strike, where he again argues that his response to Respondent's extension request should be granted, and because of that the Court should strike Respondent's (then untimely) Return of Writ from the record. (Doc. 20). So the Court also addresses that issue.

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and

3

recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Thayer is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

**A.     The Court Adopts the R&R Because Thayer Did Not Object, and Because the Magistrate Judge Did Not Clearly Err.**

The Magistrate Judge recommends that the Court deny Thayer's bail motion because he has failed to demonstrate extraordinary circumstances that justify the

4

extraordinary relief that he has requested. (Doc. 12). Because Thayer did not timely object, the Court reviews that recommendation for clear error. *Redmon*, 2021 4771259, at \*1. But the Court finds none.

While it is true that federal district courts possess the authority to grant a bail motion pending the resolution of a habeas petition, only "the very unusual case" calls for this extraordinary grant of relief. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) ("Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."), *superseded on other grounds by statute as recognized by, Pouncy v. Palmer*, 993 F.3d 461, 465 (6th Cir. 2021). As a result, "prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Id.* (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). And generally, "[c]ourts have limited exceptional circumstances warranting release during review 'to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition.'" *Gideon v. Treglia*, No. 3:21-cv-2087, 2021 WL 6031492, at \*3 (N.D. Ohio Dec. 21, 2021) (quoting *Blocksom v. Klee*, No. 11-cv-14859, 2015 WL 300261, at \*4 (E.D. Mich. Jan. 22, 2015)).

Here, though, Thayer simply contends that, based on his view of the record, his petition has a "high probability of success;" indeed he says it is "inconceivable that [P]etitioner's action will not be successful." (Doc. 10, #64). Perhaps Thayer's prognostications are correct, but perhaps not. Regardless, the Magistrate Judge did not clearly err in finding that Thayer has not identified any exceptional circumstances that justify the extraordinary relief he seeks. So the Court **ADOPTS** the R&R (Doc. 12) in its entirety and **DENIES** Thayer's Motion for Bail (Doc. 10).

**B.    The Court Denies Thayer's Motion to Strike Because the Magistrate Judge Properly Granted Respondent's Extension Request.**

The Court now briefly addresses what appears to be some confusion on Thayer's part surrounding Respondent's Return of Writ (Doc. 18). As indicated above, the Magistrate Judge granted Respondent's extension request on February 3, 2026, one day after the request was filed. (2/3/26 Not. Order). And the Court received Thayer's response to Respondent's request ten days after the Magistrate Judge granted the relief. (Doc. 15). It is possible that Thayer, a state prisoner, somehow did not receive notice of the Magistrate Judge's February 3, 2026, notation order. Regardless, though, the Magistrate Judge properly granted Respondent's request for additional time, and the Respondent filed the Return within the allowed time. So the Court **DENIES** Thayer's Motion to Strike (Doc. 19). Respondent's Return of Writ is properly in the record, and, if Thayer intends to file a traverse, he must do so timely. That said, given Thayer's apparent confusion on this front, the Court **GRANTS** his Motion for Extension of Time (Doc. 21). Thayer has until April 23, 2026, to file his traverse.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the R&R (Doc. 12) in its entirety and **DENIES** Thayer's Motion for Bail (Doc. 10). The Court further **DENIES** Thayer's Motion to Strike (Doc. 19) and **GRANTS** his Motion for Extension of Time (Doc. 21).

**SO ORDERED.**

April 2, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**