# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**PATRICK NOEL THAYER,**

        **Petitioner,**

    v.

**WARDEN NORTH CENTRAL
CORRECTIONAL COMPLEX,**

        **Respondent.**

**Case No. 1:25-cv-615**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Jolson**

## OPINION AND ORDER

Petitioner Patrick Noel Thayer has filed what he styles a Request to Consider Objection and Motion to Withdraw Court Orders (Doc. 23). The filing comes on the heels of the Court's recent Opinion and Order (Doc. 22), which (1) adopted Magistrate Judge Jolson's Report and Recommendation (Doc. 12) recommending that the Court deny Thayer's motion for bail pending resolution of these habeas proceedings, (2) denied Thayer's Motion to Strike Respondent's Return of Writ (Doc. 19), and (3) granted Thayer's Motion for Extension of Time (Doc. 21). The instant motion basically contends that the Court failed to consider what Thayer deems a proper objection to the Magistrate Judge's grant of Respondent's requested extension to file a Return of Writ. (*See* Doc. 13; 2/3/26 Not. Order). The Court disagrees with that contention for the reasons explained below. Nonetheless, the Court addresses and overrules Thayer's putative objection as well. As a result, the Court **DENIES** Thayer's motion.

## BACKGROUND

To understand Thayer's argument, one must first understand this case's procedural background, so the Court starts there. On August 22, 2025, Thayer moved for leave to proceed in forma pauperis (IFP), attaching his habeas petition. (Doc. 1). After some back and forth regarding Thayer's IFP status, on December 15, 2025, the Magistrate Judge ordered Respondent to file a Return of Writ within sixty (60) days of that order. (Doc. 11). But on February 2, 2026, Respondent sought an extension. (Doc. 13). Respondent's counsel explained that she had been assigned to the case on January 13, 2026—a month before the February 13, 2026, response deadline. (*Id.* at #74). As a result, local officials had yet to produce the records that counsel needed to prepare the Return of Writ. (*Id.*). Additionally, counsel indicated that she would be out of the office from February 4 to February 14, 2026. (*Id.*). So, "in order to receive and review the records and prepare the Wardens' response to the petition," Respondent requested leave until March 16, 2026, to file its Return of Writ. (*Id.*). The Magistrate Judge granted that request the next day. (2/3/26 Not. Order).

But ten days later, the Court received from Thayer a Response in Opposition to Respondent's Motion for Extension of Time (Doc. 15). Thayer explained that, in his view, "[a]ny delays between 12/15/2025 and 1/13/2026 are solely the responsibility of the Attorney General of Ohio. As such[,] the consequences are entirely theirs to bear and their actions and/or inactions should not be rewarded." (*Id.* at #76). Thayer also took issue with counsel for Respondent's ten-day absence, arguing that "[n]o indication is given if this is a personal or professional absence, if it was scheduled or unscheduled, or if no other counsel could have been assigned knowing this impending

2

ordered deadline." (*Id.*). Thus, Thayer requested that the Court "deny Respondent's motion." (*Id.* at #77). He also requested that the Court grant his petition because, in his view, Respondent failed to timely respond. (*Id.*). Nowhere in this Response does Thayer acknowledge the Magistrate Judge's February 3, 2026, notation order granting the extension.

The Court then also received a letter from Thayer on March 6, 2026. (Doc. 16). He opens that letter by asking, "Will I be notified when this Court denies the Respondent's Motion for Extension of Time?" (*Id.* at #79). Thayer goes on to state that he "filed [his] response in opposition" "[t]he day [he] received notice of the motion." (*Id.*). After that, Thayer reiterates his arguments against Respondent's extension request—namely that (1) Respondent "sat on [his case] for a month," and (2) Respondent's counsel was "out of town for [ten] days." (*Id.*) According to Thayer,

> No reasonable person would consider these reasons good cause. The Respondent ran out of time solely due to their own actions and mistakes. No one else. If I missed a deadline due to my own inattention, there is no way I would be granted an extension. Their actions must have consequences and as such the motion must be denied.

(*Id.*). Again, he makes no mention of the Magistrate Judge's February 3, 2026, notation order. Thayer concludes the letter by asserting that the Court should grant his petition because "the Respondent's deadline has passed." (*Id.* at #80).

Ten days later, on March 16, 2026, Respondent filed the state court record and the Return of Writ. (Doc. 17; Doc. 18). And two days after that, Thayer filed a Motion to Strike Respondent's Return of Writ (Doc. 19). There, Thayer says that he "has yet to receive a notice indicating that [his] opposition was sustained." (*Id.* at #356). And he repeats his argument for denying Respondent's requested extension yet again, but

3

with a novel twist. (*Id.* at #356–57). He suggests that the U.S. Supreme Court "allows the California Supreme Court's decisions to guide the application of an exacting definition." (*Id.* at #356). But in Thayer's view, "[n]egligent inactivity and a vacation[] fall extremely short of any of the California Supreme Court's examples or decisions regarding good cause and any reasonable definition thereof." (*Id.* at #357). Consequently, "an upheld extension would be in violation of federal rule [sic] and Supreme Court rulings." (*Id.*). On that basis, Thayer requested that the Court strike the Return of Writ from the record and "issue a writ of unconditional release with prejudice to retrial at its soonest." (*Id.*). Once again, nowhere in this filing does Thayer acknowledge that the Magistrate Judge already granted Respondent's request.

Thayer filed yet another letter twelve days later, on March 30, 2026. (Doc. 20). In that letter, Thayer again notes his arguments for rejecting Respondent's requested extension. (*See id.* at #359 ("No reasonable person would agree that doing nothing for a month and then assigning it to someone going on vacation when there had to be other counsel available meets any definition of good cause.")). Thayer then says:

> Pursuant to the Procedure on Objections, Fed. R. Civ. P. 72(b), that Magistrate Judge Kimberly A. Jolson includes with her filings I am sent, I filed an objection immediately, [Doc. 15]. The objection was filed and transmitted on February 13, 2026, within the 14 days required. The procedure allows a party to respond to another party's objection within 14 days. The Respondent failed to do so. Despite a lawfully valid and timely objection to which there was no response, the Respondent filed an ultimately untimely answer. I filed a motion to strike, as unless this Court wishes to establish the precedent that negligent inactivity is a valid reason to be granted an extension, the objection I filed should be sustained and the untimely answer should be stricken from the record.

4

> As of the date of this letter I have not received information on the disposition of the objection nor of the motion to strike. I am under a deadline to respond to the Respondent's potentially unlawful answer, so I need to know what is going on as soon as possible. … If there is any more delay in ruling on these filings I will need an extension for the court's delay (an actual just cause).
>
> As no valid answer from the Respondent exists and the deadline has passed, my petition should be approved at the soonest. As the claims involve double jeopardy and unlawful prosecution a writ of unconditional release with prejudice to retrial should be issued.

(*Id.* at #359–60). Thayer moved for an extension of time to file his traverse the next day. (Doc. 21).

On April 2, 2026, one day later, the Court issued an Opinion and Order (Doc. 22). As already noted, that decision (1) adopted the Magistrate Judge's December 15, 2025, Report and Recommendation (Doc. 12), (2) denied Thayer's Motion to Strike (Doc. 19), and (3) granted Thayer's Motion for Extension of Time (Doc. 21) to file his traverse. Regarding the latter two motions, the Court denied Thayer's Motion to Strike because Respondent filed the Return of Writ by the (already approved) March 16, 2026, deadline. (Doc. 22, #370). And the Court concluded that, based on Thayer's numerous filings evincing no awareness that the Magistrate Judge had already granted Respondent's extension request, it was possible that Thayer, a pro se prisoner litigant, was unaware that the Magistrate Judge had done so. (*Id.*). So given Thayer's apparent confusion on this front, it also granted Thayer's extension request. (*Id.*). In other words, based on several representations from Thayer, the Court concluded that he was likely unaware that the Court had already granted Respondent's request to extend the time to file the return, so the Court gave him some extra time to file his traverse.

In the instant motion, Thayer, for the first time, acknowledges the Magistrate Judge's notation order. (Doc. 23, #373). And he says that, rather than responding to an already-granted extension request, all of the filings discussed above (none of which even mentioned the notation order) were actually his *objections* to that notation order. (*Id.* at #373–74). But based on his most recent filing, it also appears that Thayer has conflated *responding* to an opposing party's motion with *objecting* to a magistrate judge's order granting such a motion. (*See id.* ("Petitioner's objection specifically states that it is in response to Respondent's Motion for Extension of Time.")). As a result, Thayer says that his "timely and lawfully argued objection has yet to be considered" "in violation of Rule 72 and the Petitioner's constitutional right to due process." (*Id.* at #375). He opines though that "[f]ollowing proper consideration and to comply with Supreme Court rules and requirements, the objection will be upheld." (*Id.*). And once that happens, Thayer again says that he is entitled to "unconditional release." (*Id.* at #376).

## LAW AND ANALYSIS

The Court begins its analysis of Thayer's most recent filing by rejecting Thayer's characterization of the record. Thayer's initial February 13, 2026, filing addresses only Respondent's extension request, not the Magistrate Judge's subsequent notation order granting that request. (*See generally* Doc. 15). And subsequent statements from Thayer strongly suggest that he was unaware that the Magistrate Judge had ruled on that request. (*See, e.g.*, Doc. 16, #79 ("Will I be notified when this Court denies the Respondent's Motion for Extension of Time?"); *id.* at #80

6

("If a hearing needs to be held, please let me know and make arrangements so that I can attend. If a decision has already been reached please send me copy of the notice.")). Nonetheless, the Court will give Thayer, a pro se litigant, the benefit of the doubt and treat his arguments as objections to that previous notation order.

By local rule, "[a]ll Magistrate Judges may perform any of the duties authorized by 28 U.S.C. § 636(a), (b), or (c)." S.D. Ohio Civ. R. 72.1. Aside from various exceptions not relevant here, that statute permits magistrate judges "to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). And "[a] judge of the court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* The Federal Rules of Civil Procedure also speak to a magistrate judge's powers over pretrial matters, and they provide in pertinent part that, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). If a party files an objection "within 14 days after being served with a copy," then "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

The problem for Thayer is that, even assuming that his February 13 response to Respondent's request (or any of his other filings) was actually an objection to the Magistrate Judge's notation order, the relief provided in that notation order was neither clearly erroneous nor contrary to law. True, Thayer is correct that

7

Respondent's extension request is governed by Federal Rule of Civil Procedure 6. Under the rule, when a party requests an extension "before the original time or its extension expires," the Court can grant that request without notice upon a showing of "good cause." Fed. R. Civ. P. 6(b)(1). So the only pertinent question at this point is whether the Magistrate Judge clearly erred in finding good cause.

In general, "[g]ood cause is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchain v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citations omitted). "Consequently, requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Id.* (cleaned up) (quoting Wright & Miller's Federal Practice & Procedure § 1165 (3d ed. 2004)); *see also id.* at 1258–59 (citations omitted) ("This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits."); *Rachel v. Trout*, 820 F.3d 390, 394 (10th Cir. 2016) (citation omitted) ("[D]istrict courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party.").

Measured against that low bar, the Court cannot say that the Magistrate Judge clearly erred or acted contrary to law in finding good cause for an extension here. Although Thayer deems the Respondent's reasons insufficiently persuasive, Respondent's proffered explanation does not suggest bad faith, nor does the extension prejudice Thayer. And for the Court to now strike Respondent's Return of Writ based

8

on a single, explained, and approved, month-long delay would certainly not "effectuate the general purpose of seeing that cases are tried on the merits." *Xenon Pictures*, 624 F.3d at 1259 (citations omitted). So, even construing Thayer's Response (Doc. 15) as an objection to the Magistrate Judge's notation order, the Court **OVERRULES** the objection and **DENIES** Thayer's Motion to Consider Objection (Doc. 23). Respondent's Return of Writ (Doc. 18) is properly before the Court, and the Court will consider it in ruling on Thayer's habeas petition.

  **SO ORDERED.**

April 15, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**